# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| PERRY BECCI | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-294-S |
| | § | |
| EQUIFAX INFORMATION SERVICES | § | |
| LLC, EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC., TRANS UNION | § | |
| LLC, and NATIONSTAR MORTGAGE | § | |
| LLC | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Experian Information Solutions, Inc.'s ("Experian") Motion to Dismiss Counts III and IV ("Motion to Dismiss") [ECF No. 17] of Perry Becci's ("Becci") Complaint [ECF No. 1]. For the following reasons, the Motion to Dismiss is **GRANTED**.

### I. BACKGROUND

Becci secured a mortgage with CitiMortgage on his home at 719 South Oakland Avenue, Villa Park, Illinois in September 2006. Compl. ¶ 10. Thereafter, Becci's mortgage was acquired by Nationstar Mortgage LLC ("Nationstar"). *Id.* ¶ 11. On February 27, 2016, Becci and Nationstar entered into a forbearance agreement ("Forbearance Plan") *Id.* ¶ 12. The Forbearance Plan was a "temporary reduction" of Becci's "mortgage payments" intended to allow Becci "time and flexibility to manage the financial challenges affecting [his] ability to pay [his] mortgage." Ex. A 1. Under the Forbearance Plan, Becci would make six monthly reduced payments of $587.04

beginning April 1, 2016, and ending September 1, 2016. *Id.*; Compl. ¶ 12-13. The Forbearance Plan stated in relevant part:

> "As a result of making reduced payments, you will become delinquent on your mortgage. The estimated amount of accrued but unpaid balance that will be due at the end of the Forbearance Plan is $7,539.75."
>
> [. . .]
>
> "[Nationstar] will continue to report the delinquency status of your loan to credit reporting agencies as well as your entry into a Forbearance Plan in accordance with the requirements of the Fair Credit Reporting Act and the consumer Data Industry Associations requirements."
>
> [. . .]
>
> "Unless otherwise expressly prohibited by Applicable Law, late charges will be assessed against the mortgage until the Forbearance Plan Payments have been paid in full and your Loan is brought completely current under your mortgage loan documents, even if you make timely payments in accordance with this Agreement."

Ex. A 1, 3. According to the Complaint, Becci made these six reduced payments under the Forbearance Plan. Compl. ¶ 14. On February 10, 2017, Becci executed a Loan Modification Agreement ("Modification") with Nationstar. *Id.* ¶ 17.[1] Pursuant to the Modification, Becci began making modified payments on March 1, 2017. *Id.*

In June 2019, Becci requested a consumer report from Equifax Information Services LLC ("Equifax") and observed that his Nationstar mortgage was reporting inaccurately. *Id.* ¶ 24. Specifically, Equifax reported that Becci was delinquent on his mortgage between October 2016 and March 2017. *Id.* ¶ 28. Around the same time, Becci requested a consumer report from

---

[1] Although Becci pleaded that he entered into the Modification on April 7, 2017, Compl. ¶ 17, the Modification shows that Becci actually signed the agreement on February 10, 2017. Ex. C 1; *see also* Pl. [Becci's] Brief in Opposition to Def. [Experian's] Mot. to Dismiss Pl.'s Compl. 2 [ECF No. 21] (noting that the Modification was executed on or about February 2017).

TransUnion LLC ("TransUnion"), which also reported that Becci was delinquent on his mortgage between October 2016 and March 2017. *Id.* ¶¶ 27-28.

Becci disputed the reported delinquency with Equifax, TransUnion, and Experian.[2] *Id.* ¶ 30. Becci requested that each agency conduct a reasonable investigation and, if warranted, remedy the inaccuracies in Becci's consumer reports. *Id.* TransUnion, Experian and Equifax investigated Becci's dispute, but made none of Becci's requested changes. *Id.* ¶¶ 33, 36, 45, 48, 53, 56.

Becci also notified Nationstar of the perceived errors. *Id.* ¶ 62. In addition to the disputed delinquency between October 2016 and March 2017, Becci contested certain reported late payments between December 2015 and March 2017. *Id.* ¶ 63. Nationstar notified Becci on August 16, 2019, that it would respond within 30 business days, but it did not do so. *Id.* ¶ 65-66.

In the instant lawsuit, Becci asserts various claims against Equifax, Experian, TransUnion, and Nationstar, for purported violations of the FCRA. Experian moves to dismiss Counts III and IV, which allege that Experian violated 15 U.S.C. §§ 1681e(b) and 1681Ii respectively.

## II.    LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require probability, but a plaintiff must establish "more than a sheer possibility that a defendant has acted

---

[2] Becci does not allege that he requested a consumer report from Experian. Experian, however, stated in its Motion to Dismiss that "for the purposes of this motion," Experian assumes that Plaintiff intended to assert the same allegations against Experian regarding the request of his consumer report and its alleged inaccuracies as he did against Equifax and TransUnion. Mot. to Dismiss 4.

unlawfully." *Id.* The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). The court, however, does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the Complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

Moreover, the Court "must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). If "an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls." *Miller v. S.S. Hospitality Grp., LLC*, Civil Action No. 4:17-CV-00847-O, 2018 WL 3054691, at *3 (N.D. Tex. June 5, 2018) (citing *U.S. ex. rel. Riley v. St. Luke's Episcopal Hosp.*, 335 F.3d 370, 377 (5th Cir. 2004). "When a plaintiff attaches documents to the complaint, courts are not required to accept the plaintiff's interpretation of those documents." *Miller*, 2018 WL 3054691, at *3 (quoting *Kamps v. Baylor Univ.*, 592 F. App'x. 282, 284 n.1 (5th Cir. 2014).

The ultimate question is whether the Complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

## III. ANALYSIS

The purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer . . . in accordance with the requirements of this subchapter." 15 U.S.C. § 1681(b). Becci alleges that Experian violated FCRA sections 1681e(b), *see* Compl. Count III, and 1681li, *see* Compl. Count IV.

Section 1681e(b) requires a credit reporting agency ("CRA") "to follow reasonable procedures to assure maximum possible accuracy of the information" in a consumer's report. 15 U.S.C. §1681e(b). "This section imposes a duty of reasonable care in the preparation of a consumer report." *Pinner v. Schmidt*, 805 F.2d 1258, 1262 (5th Cir. 1986) (citation omitted). Section 1681li requires a CRA to "conduct a reasonable reinvestigation" if "the completeness or accuracy of any item of information contained in a consumer's file at a [CRA] is disputed by the consumer." 15 U.S.C. §1681li(a)(1)(A). To prevail on a claim "under Section 1681(b) or Section 1681li, [a plaintiff] must prove that his consumer reports included inaccurate information." *Knox v. Equifax Info. Servs., LLC*, Civil Action No. 3:19-CV-02581-E, 2020 WL 4339016, at *2 (N.D. Tex. July 28, 2020) (quoting *Hammer v. Equifax Info. Servs., LLC*, Civil Action No. 3:18-CV-1502-C, 2019 WL 7602463, at *2 (N.D. Tex. Jan. 16, 2019) (internal quotations omitted)); *see also Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000) ("In order to pursue a cause of action based upon willful or negligent violation of 15 U.S.C. § 1681e(b), the report sought to be attacked must be inaccurate.") (citation omitted); *DeAndrade v. TransUnion LLC*, 523 F.3d 61, 67 (1st Cir. 2008) ("[T]he weight of authority in other circuits indicates that without a showing that the reported information was in fact inaccurate, a claim brought under § 1681li must fail.") (citations omitted).

Becci alleges that Experian inaccurately reported, and then failed to reinvestigate properly, that Becci was delinquent on his mortgage payments between October 2016 and March 2017. Compl. ¶¶ 27-28. Specifically, Becci asserts that he made the "monthly payments as asked and required," *id.* ¶ 21, and that his payment activity ("Payment Activity Report"), which Experian relied on in creating his consumer report, did not reflect those timely payments, *id.* ¶ 16.

Experian, however, maintains that it accurately reported Becci's delinquency under the terms of the Forbearance Plan which provides as follows:

> "As a result of making reduced payments, ***you will become delinquent on your mortgage***. The estimated amount of *accrued but unpaid balance that will be due at the end of the Forbearance Plan* is $7,539.75."

Ex. A 1 (emphasis added). According to Experian, the Forbearance Plan expressly notified Becci that at the conclusion of the six-month period, he would be delinquent on his mortgage payments to Nationstar and would remain delinquent until the balance of $7,539.75 was paid in full, even if he had made timely payments. Mot. to Dismiss 2. In relevant part, the Forbearance Plan states:

> "Unless otherwise expressly prohibited by Applicable Law, late charges will be assessed against the mortgage until the Forbearance Plan Payments have been paid in full and ***your Loan is brought completely current under your mortgage loan documents, even if you make timely payments in accordance with this Agreement***."

Ex. A 3 (emphasis added).

Although the Payment Activity Report confirms that Becci made some payments[3] to Nationstar on his mortgage between October 2016 and April 2017, *see* Ex. B 2, the Complaint does not allege, and none of the supporting documents show, that the account was "brought completely current[.]" Ex. A 3. To the extent that Becci contends that Nationstar improperly failed to apply Becci's post-Forbearance Plan payments, and that Experian therefore reported

---

[3] Becci made payments on his mortgage on December 1, 2016, January 3, 2017, and February 3, 2017, each in the amount of $1,506. Ex. B 2.

6

inaccurately and failed to investigate properly, this argument is contradicted by the terms of the Forbearance Plan, which stated Nationstar would hold Becci's payments "in an account until sufficient funds are in the account to pay [his] oldest delinquent monthly payment." Ex. A 3. Becci's delinquency ended when he entered the Modification with Nationstar in April 2017—i.e., when his loan was made "current." *See generally* Ex. C. This is confirmed by Experian's response to Becci's dispute, which ceased reporting Becci as delinquent in April 2017. Ex. I 2 (reporting Becci's account as "OK" in April 2017, indicating that Becci's account was current); *see also* Mot. to Dismiss 2-3.

To state a claim under either section 1681e(b) or section 1681li, Becci must allege that Experian included inaccurate information in his consumer report. *Knox*, 2020 WL 4339016, at *2 (quoting *Hammer*, 2019 WL 7602463, at *2 (internal quotation marks omitted)). As Becci's exhibits themselves demonstrate, Becci has not sufficiently alleged an inaccuracy. To the contrary, the Forbearance Plan, Payment Activity Report and Modification show that Experian accurately reported Becci's account status. *See Miller*, 2018 WL 3054691, at *3 ("When a plaintiff attaches documents to the complaint, courts are not required to accept the plaintiff's interpretation of those documents.") (quoting *Kamps*, 592 F. App'x. at 284 n.1). Thus, even when viewing the Complaint's allegations in the light most favorable to Becci and drawing all reasonable inferences in his favor, the Court finds that the Complaint has not alleged sufficient facts to state claims against Experian under Sections 1681e(b) or 1681li.[4]

---

[4] Experian further asserts that a "[CRA] is not required to resolve legal disputes between creditors and debtors[.]" Mot. to Dismiss 3. In response, Becci alleges that Experian's "investigation [of the underlying dispute] was not reasonable" under Section 1681li. Resp. 7. Because the Complaint fails to allege an inaccuracy in Experian's reporting – which is a necessary component to any cause of action brought under Sections 1681e(b) and 1681li – the Court need not reach Experian's alternative argument at this time. *Knox*, 2020 WL 4339016, at *2 (To prevail on a claim "under Section 1681(b) or Section 1681li, [a plaintiff] must prove that his consumer reports included inaccurate information.") (citation omitted); *see also DeAndrade*, 523 F.3d at 67 (1st Cir. 2008) ("[T]he weight of authority in other circuits indicates that without a showing that the reported information was in fact inaccurate, a claim brought under § 1681li must fail.")

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Experian's Motion to Dismiss Counts III and IV. Becci has not sought leave to amend. However, if Becci wishes to amend his dismissed claims against Experian, he must seek leave to file an amended complaint by January 21, 2021. If a motion for leave to file, with the proposed amended complaint attached, is not filed by this date, Becci's claims against Experian will be dismissed with prejudice.

**SO ORDERED.**

SIGNED December 30, 2020.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**